UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

  Plaintiff,

v.              CASE NO: 8:06-cv-277-T-26TBM

GREG WILLSEY, SANDRA L. NESBIT,
BRIAN GLAS and SUSAN A. PILON,

  Defendants.
              /

**O R D E R**

  Plaintiff has filed an action against Defendants seeking interim relief in the form of a temporary restraining order. Plaintiff's claims in support of its request for temporary injunctive relief are of a species familiar to this Court. This is the first time, however, that the Court has been confronted by opposing affidavits from Defendants which materially contradict Plaintiff's affidavit, which, in the Court's view, is lacking in specifics.[1] Consequently, because the livelihoods of Defendants are at stake, and because it is axiomatic that the granting of injunctive relief should be "used sparingly, cautiously and only, . . . , where both the right and the wrong claimed are clear and the necessity for the extraordinary relief of injunction is equally clear[,]"

---

[1] For example, Defendant Nesbit states unequivocally that she has never signed an employment agreement, a covenant not to compete, or a covenant not to solicit with Plaintiff, a critical material fact glossed over in Plaintiff's supporting affidavit.

Sharp v. Lucky, 266 F. 2d 342 (5th Cir. 1959),[2] the Court declines to issue a temporary restraining order and prefers to schedule an expedited hearing on Plaintiff's motion for preliminary injunctive relief at which it will receive testimony and evidence and be in a better position to judge the credibility of the parties' witnesses and assess their evidence.

Accordingly, it is ordered and adjudged as follows:

1) Plaintiff's Emergency Motion for a Temporary Restraining Order (Dkt. 2) is denied.

2) The Court will conduct an expedited hearing on Plaintiff's Motion for Preliminary Injunction on Thursday, March 2, 2006, commencing at 9:30 a.m., in Courtroom 15B, United States Courthouse, 801 North Florida Avenue, Tampa, Florida.

3) This order shall not be construed as prohibiting the parties from submitting their disputes immediately to arbitration.

**DONE AND ORDERED** at Tampa, Florida, on February 22, 2006.

                               s/
                               **RICHARD A. LAZZARA**
                               **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] In Bonner v. City of Prichard, Ala., 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit held that decisions of the former Fifth Circuit issued prior to October 1, 1981, constituted binding precedent in the Eleventh Circuit.